JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHMEH ALHERIMI, | Case No. CV 24-3555 FMO (MARx) |
| Plaintiff, | |
| v. | **ORDER RE: DISMISSAL WITHOUT PREJUDICE** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

On April 30, 2024, Rahmeh Alherimi ("plaintiff") filed an action against the United States Department of Homeland Security, et al. ("defendants"), seeking declaratory relief and a writ of mandamus compelling defendants to act on her application for asylum and withholding of removal. (See Dkt. 1, Complaint at ¶¶ 1-4, 20, 29-34). On June 14, 2024, the parties filed a Joint Stipulation to Stay [the] Case Pending Adjudication of Application, (see Dkt. 33, "Joint Stipulation"), and thereafter, the court granted parties' Joint Stipulation and stayed the action until September 2, 2025. (See Dkt. 34, Court's Order of June 17, 2024). On September 5, 2024, the case was reassigned to this court. (See Dkt. 35, Notice of Reassignment to District Judge []).

The court has reviewed the Joint Stipulation, where parties request a stay of the action in the interest of judicial economy, noting that plaintiff will voluntarily dismiss this case upon receipt of the asylum decision. (See Dkt. 33, Joint Stipulation at 3). In the court's experience with

numerous similar requests in recent mandamus actions challenging similar delays, the setting of an agreed interview date generally leads to the resolution of the parties' dispute without the need for further intervention by the court.  However, staying cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports.  It also increases the burden on the parties to file status reports or seek dismissal of the stayed case upon resolution of the matter.  It appears that the more efficient approach is to lift the stay in this action, see Montgomery v. Target Corp., 2019 WL 8168064, *4 (C.D. Cal. 2019) ("The corollary to the power to stay is the ability to lift a stay previously imposed.") (internal quotation and alteration marks omitted), and dismiss it without prejudice to either party moving to reopen nunc pro tunc in the event that further court intervention becomes necessary.  The court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future monitoring or action if the parties honor their agreement, as the court expects them to.

        Based on the foregoing, IT IS ORDERED THAT:

        1.  The previously imposed stay in the above-referenced matter is hereby lifted.

        2.  This action is **dismissed without prejudice** to any party seeking to vacate this Order and reopen the action nunc pro tunc in the event that plaintiff is unable to receive a determination in the time contemplated by the parties.

Dated this 20th day of September, 2024.

                                        /s/
                              Fernando M. Olguin
                           United States District Judge